IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NTE LLC, a Nevada limited liability company, ) ) *Plaintiff,* ) ) *vs*. ) ) KENNY CONSTRUCTION COMPANY, an ) Illinois corporation; NALCOR ENERGY, a ) Canadian corporation; AMEREN SERVICES ) COMPANY, a Missouri corporation; ) ELECTRIC TRANSMISSION TEXAS LLC, a ) Delaware limited liability company; and ) ARIZONA PUBLIC SERVICE COMPANY, ) an Arizona corporation, ) ) *Defendants*. ) | Case No. 14 CV 9558 Honorable James B. Zagel Magistrate Judge Jeffrey T. Gilbert |

### PLAINTIFF NTE LLC's ANSWER
### TO DEFENDANT KENNY CONSTRUCTION COMPANY'S
### COUNTERCLAIMS

Plaintiff NTE LLC ("NTE"), by its attorneys, answers the counterclaims of Kenny Construction Company's ("Kenny") as follows:

### Nature of the Action

1. This is an action by Kenny to redress Plaintiff's intentional interference with Kenny's business relationships and Breach of Contract.

**ANSWER**: NTE admits that this is an action by Kenny for intentional interference with Kenny's business relationships and Breach of Contract, but NTE denies the remaining allegations of this paragraph and specifically denies that Kenny is entitled to any relief.

### The Parties

2. Kenny is an Illinois corporation with its principal place of business in Chicago, Illinois.

**ANSWER**: NTE admits the allegations in this paragraph.

3. Upon information and belief, NTE is an Illinois business having its principal place of business in Franklin Park, IL.

**ANSWER**: NTE admits the allegations in this paragraph.

### Jurisdiction and Venue

4. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims set forth in Counts I through VII.

**ANSWER**: NTE admits the allegations in this paragraph.

5. This Court has personal jurisdiction over NTE by virtue of, among other NTE's filing of the Complaint against Defendants in this Court and because NTE has voluntarily appeared before this Court for all purposes.

**ANSWER**: NTE admits the allegations in this paragraph.

6. Venue is proper as to NTE under 39 U.S.C. §§ 1391 and 1400(b) by virtue of, among other things, NTE's filing of the Complaint against Defendants in this Court.

**ANSWER**: NTE admits the allegations in this paragraph.

### ANSWER TO FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT

7. Kenny realleges paragraphs 1-8 [sic], inclusive, of its Counterclaims.

**ANSWER**: NTE realleges its answers to paragraphs 1-6, inclusive, as set forth herein.

8. On information and belief, NTE has not been granted any copyright from the United States Copyright Office. In addition, any copyright application filed by NTE was directed to a compilation.

**ANSWER**: NTE admits that the United States Copyright Office has yet to issue a copyright registration on NTE's pending application to register a copyright in NTE's data compilation. NTE further admits that it applied to register a copyright in a data compilation. NTE denies the remaining allegations in paragraph 8.

9. NTE alleges that Kenny has copied copywritten, proprietary facts from its database.

**ANSWER**: NTE denies the allegations of paragraph 9.

10. The underlying factual information in the NTE system is not, and cannot under US Copyright Law, be copywritten.

**ANSWER**: NTE denies the allegations of paragraph 10.

11. NTE's Master Agreement with Kenny specifically states that Kenny can extract data from the NTE system for one year after the termination of the agreement.

**ANSWER**: NTE denies the allegation of paragraph 11.

12. Kenny has incurred and continues to incur damages and irreparable harm by NTE's continued assertion that Kenny copied copywritten data from the NTE system.

**ANSWER**: NTE denies the allegations of this paragraph.

## ANSWER TO SECOND COUNTERCLAIM – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

1. Kenny realleges paragraphs 1-8 [sic], inclusive, of its Counterclaims.

**ANSWER**: NTE realleges its answers to paragraphs 1-6, inclusive, as set forth herein.

2. NTE has known of the contractual relationship between Kenny and Nalcor.

**ANSWER**: NTE admits that it knew that Kenny had a business relationship with Nalcor. NTE denies that it knew the contours of that relationship and denies the remaining allegations of paragraph 2.

3. NTE intentionally brought suit against Kenny and Kenny's customers, including Nalcor, with the intention of damaging Kenny's relationship with its clients.

**ANSWER**: NTE denies the allegations of this paragraph.

4. As a result of NTE's action, Nalcor has reduced the scope [sic] the agreement with Kenny resulting in economic harm to Kenny.

**ANSWER**: NTE lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

## ANSWER TO THIRD COUNTERCLAIM – BREACH OF CONTRACT

1. Kenny realleges paragraphs 1-8 [sic], inclusive, of its Counterclaims.

**ANSWER**: NTE realleges its answers to paragraphs 1-6, inclusive, as set forth herein.

3

2. Paragraph [sic] of the Services Agreement of January 2014 states "Contractor shall not have the right to terminate this Contract or to intentionally disrupt Services unless the Company fails to timely pay the Contractor per the provisions of this Contract or any Purchase Order."

**ANSWER**: NTE admits that paragraph 6 of the Services Agreement of January 2014 states in part "Contractor shall not have the right to terminate this Contract or to intentionally disrupt Services unless the Company fails to timely pay the Contractor per the provisions of this Contract or any Purchase Order."

3. Kenny has paid NTE in a timely manner since the execution of the Services Agreement.

**ANSWER**: NTE denies the allegations of this paragraph.

4. In April 2014, in response to Kenny requesting bids to develop a new software system, NTE denied Kenny access to the NTE system in violation of paragraph 6 of the Services Agreement.

**ANSWER**: NTE denies the allegations of this paragraph.

5. As a result of NTE's action, Kenny was forced to incur extensive costs to compensate for the loss of the NTE system during the outage cause by NTE.

**ANSWER**: NTE lacks knowledge or information sufficient to form a belief about the truth of the allegation of this paragraph.

## PRAYER FOR RELIEF

WHEREFORE, NTE, LLC respectfully requests that the Court:

(a) Dismiss with prejudice the counterclaims against NTE; and

(b) Award NTE any additional relief as the Court may deem appropriate and just.

**AFFIRMATIVE DEFENSE**

Because Kenny attempted to steal NTE's proprietary data and information, it is precluded from relief because of unclean hands.

Dated:  April 2, 2014			NTE LLC


					By:	/Stephen J. Rosenfeld/
						One of its attorneys

Stephen J. Rosenfeld (ARDC #6216769)
Steven L. Baron (ARDC # 6200868)
John D. Fitzpatrick (ARDC #6277475)
MANDELL MENKES LLC
One North Franklin, Suite 3600
Chicago, Illinois 60606
Telephone:	(312) 251-1000
Facsimile:	(312) 251-1010

*Attorneys for Plaintiff NTE LLC*

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing PLAINTIFF NTE LLC's ANSWER TO DEFENDANT KENNY CONSTRUCTION COMPANY'S COUNTERCLAIMS was electronically filed and served on all counsel of record by CM/ECF case filing on April 2, 2015.

/s/ Stephen J. Rosenfeld